Paul J. Stuermer and Louise Stuermer v. Commissioner.
Stuermer v. Commissioner
Docket No. 24270.
United States Tax Court
1951 Tax Ct. Memo LEXIS 34; 10 T.C.M. (CCH) 1100; T.C.M. (RIA) 51336; November 23, 1951
*34 Petitioner Paul J. Stuermer, computing income under Supplement T. Chapter 1, of the Internal Revenue Code, held to be entitled to the deduction in arriving at adjusted gross income of the sum of $600 allowed him as living expenses by his employer, the State of Illinois. Petitioners held not to be entitled to deduct items totaling $458.62 in arriving at adjusted gross income. Paul J. Stuermer, pro se. William Schwerdtfeger, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent determined a deficiency in income tax for the calendar year 1945 in the amount of $240.78, by disallowance of an item of $600 deducted by petitioners upon their return as the cost of maintenance of their family. By answer to the petitioner, respondent asks an increase in the deficiency by the sum of $7.24, by the disallowance of $458.62, alleging that in addition to the $600 disallowed in the determination of the deficiency, the amount of $458.62 deducted by petitioners on their return in arriving at adjusted gross income was made up of items not subject to deduction. [The Facts] Petitioners are husband and wife and reside at 1504 South Kostner Avenue, Chicago, *35 Illinois. They filed a joint return for the calendar year 1945 with the collector of internal revenue for the eighth district of Illinois, at Springfield, Illinois. Petitioner Paul J. Stuermer was, during the taxable year, an employee of the State of Illinois, as chief engineer at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois. On their return for the calendar year 1945 the petitioners reported a gross income of $4,457.77, and subtracted therefrom, in arriving at adjusted gross income, the sum of $1,058.62, computing the tax reported on said return under Supplement T. Chapter 1, of the Internal Revenue Code. Included in the total deducted by petitioners in arriving at adjusted gross income was $600, as maintenance expense. This was an allowance of $600 for maintenance of petitioners' family, allowed by the State of Illinois for the reason that Stuermer was required to reside at the school at all times, subject to call both day and night for any service needed. Prior to the taxable year this amount had been paid to Stuermer by the state, separately and in addition to his salary, and expended by him for maintenance. For the taxable year the arrangement *36 was changed by adding this $600 to the salary as paid. It still kept its character as an expense allowance. Subsequent to the disallowance by respondent of the aforementioned item of $600, and the determination of the pending deficiency, the respondent filed his answer herein alleging that, in addition to the sum of $600 disallowed by him, the remaining sum of the total deduction of $1,058.62 represented deductions of automobile expense $413.62, union dues $24, C.S.P.A. $12, and trade magazines, $9, items not deductible from gross income in arriving at adjusted gross income under section 22 (n) of the Internal Revenue Code. He asked an increase in the deficiency upon the basis of the disallowance of these additional deductions. The petitioners filed a reply to respondent's answer, admitting that the additional deductions, the disallowance of which was asked by the answer, were not allowable deductions in arriving at adjusted gross income. Following this, the respondent filed his memorandum brief herein, conceding that, under the particular facts of this case, the $600 received by Paul J. Stuermer for maintenance represented an allowable deduction to him *37 in determining adjusted gross income. [Opinion] It is accordingly held that the petitioners are entitled to the deduction of $600 of the total of $1,058.62 taken upon their return in arriving at adjusted gross income, and that the remaining items deducted on the return in arriving at adjusted gross income are not allowable. Decision will be entered under Rule 50.